

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 3:11CR149–HEH |
| | ) Civil Action No.: 3:13CV258–HEH |
| KIM JENKINS BRANDVEEN, | ) |
| | ) |
| Petitioner. | ) |

### MEMORANDUM OPINION
(Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
Pursuant to 28 U.S.C. § 2255)

Petitioner Kim Jenkins Brandveen ("Brandveen"), currently a federal inmate,[1] entered a plea of guilty on August 9, 2011 to Count One of the Indictment in this case, charging Tax Evasion, in violation of 26 U.S.C. § 7201. Her plea agreement (ECF No. 18), accompanied by an agreed statement of facts (ECF No. 19), provided for the dismissal of Count Two, alleging Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). Brandveen was initially represented by the Federal Public Defender's Office.

Subsequently on September 28, 2011, the Federal Public Defender's Office moved to withdraw as counsel.[2] After granting the public defender's unopposed motion to withdraw, the Court appointed Diane Abato, Esquire to represent Brandveen and scheduled a hearing on Brandveen's Motion to Withdraw Guilty Plea (ECF No. 27),

---

[1] Brandveen is currently serving her sentence at the Federal Correctional Institute Coleman Medium in Sumterville, Florida.

[2] Earlier, on August 4, 2011, C. Richard Davis, Esquire, filed a Motion for Leave to be Substituted as Counsel in the case (ECF No. 14). Because Davis was unavailable on the appointed trial date, he withdrew his motion (ECF No. 16).

which was filed by her new counsel on October 13, 2011. Brandveen's motion was predicated on her contention that her plea was improvidently entered and that she was actually innocent of tax evasion. (Def.'s Mot. Withdraw Guilty Plea at 2–3.) After hearing extensive evidence, this Court issued a Memorandum Opinion on November 17, 2011, denying Brandveen's Motion to Withdraw Guilty Plea. (Mem. Op., ECF No. 37.)

The core contention in Brandveen's motion to withdraw her guilty plea was her belief that her obligation under the Internal Revenue Code, which formed the basis of the tax evasion count, was actually a penalty rather than a tax. In its Memorandum Opinion denying her Motion to Withdraw Guilty Plea, this Court found her claim lacked firm legal or factual footing. (Mem. Op. at 9.) In articulating its conclusion, this Court noted

> With respect to the defendant's post-plea assertion of legal innocence, her evidence, at best, demonstrates a debatable, technical defense. Although the defendant offers a number of cases and IRS rulings characterizing the payment allegedly evaded as a penalty rather than tax, none squarely address the issue in the context of a violation of 28 U.S.C. § 7101. While the defendant's position may have some arguable support in a civil context, its viability as a defense in a criminal case is less clear.

(*Id.*)

On December 22, 2011, following the preparation of a Presentence Investigation Report, which was filed without objection, the Court sentenced Brandveen to sixty months imprisonment followed by three years of supervised release. By separate Order entered January 31, 2012 (ECF No. 63), this Court provided a detailed calculation of Brandveen's restitution obligation. After reviewing the record evidence, this Court decided that Brandveen owed restitution to the Internal Revenue Service in the amount of $2,122,897.82.

2

Brandveen timely filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment in an unpublished opinion on August 15, 2012. *See United States v. Brandveen*, 492 F. App'x. 424 (4th Cir. 2012) (unpublished). In its Opinion, the Fourth Circuit addressed both the district court's denial of her motion to withdraw her guilty plea and the calculation of the amount of restitution ordered, stating:

> For the reasons that follow, we conclude that the district court did not abuse its discretion in denying Brandveen's motion to withdraw her guilty plea, and thus we affirm the criminal judgment. And, because we agree with the Government that Brandveen's appeal of the restitution order is foreclosed by the valid appeal waiver set forth in her plea agreement, we dismiss her appeal of that order.

*Id.* at 425.

As a subsidiary issue, in addressing the denial of Brandveen's motion to withdraw her guilty plea, the Fourth Circuit also touched on Brandveen's argument that her attorney, a federal public defender, employed abusive and coercive tactics to induce Brandveen to involuntarily plead guilty. The Fourth Circuit began its analysis by stressing that it "closely scrutinizes the Fed. R. Crim. P. 11 colloquy, and if properly conducted, a strong presumption that the plea is final and binding attaches." *Id.* (citing *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012)) (internal quotation marks omitted). Furthermore, the appellate court noted that Brandveen conceded in her own pleadings that her claim of coercion was entirely inconsistent with her sworn representations during the Rule 11 hearing. *Brandveen*, 492 F. App'x. at 425. Finally, after emphasizing that the district court conducted a comprehensive Rule 11 colloquy and

3

properly applied the six-factor analysis prescribed by *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), the Fourth Circuit concluded that "we discern no abuse of discretion in the court's weighing of the *Moore* factors or the resulting denial of Brandveen's motion to withdraw her guilty plea. We thus affirm the criminal judgment." *Brandveen*, 492 F. App'x. at 426.

Turning next to the calculation of Brandveen's restitution obligation, the Fourth Circuit found this argument equally unavailing. The court concluded that under the terms of her plea agreement, Brandveen had validly waived her right to appeal this issue. In articulating its opinion, the Fourth Circuit stated that: "[t]he language of the plea agreement is clear and unambiguous . . . [t]he [trial] court also discussed the scope of the appeal waiver with Brandveen. We thus hold that the waiver is valid and enforceable as it was knowingly and voluntarily accepted." *Id.* at 427 (citation omitted). In conclusion, the court held that "because the restitution award was within the scope of the district court's authority, the appellate challenge to the amount of that award was within the ambit of the appeal waiver." *Id.*

In the immediate Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition," ECF No. 74), which was timely filed, Brandveen resurrects her challenge to the district court's denial of her motion to withdraw her guilty plea and its calculation of the amount of restitution due to the Internal Revenue Service. Because these issues were raised and considered on direct appeal, they cannot be relitigated in a § 2255 motion. *See United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)

4

("Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions fully considered . . . on direct appeal.").

Brandveen also engrafts an additional claim of ineffective assistance of counsel. This claim, in essence, recasts elements of her former motion to withdraw guilty plea into a separate and independent claim. According to Brandveen, her initial trial counsel, an Assistant Federal Public Defender, used inappropriate pressure tactics, failed to inform her of technical legal defenses, and coached her to answer questions untruthfully during her plea hearing. (§ 2255 Pet. at 3.) As discussed above, this issue was fully considered—and rejected—by the Fourth Circuit. This claim is likewise barred from further review by this Court.

In an attempt to revitalize her moribund claims, on October 7, 2013, Brandveen filed a "Motion for Leave to File Amendment/Supplement to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" ("Amended § 2255 Petition," ECF No. 77). Brandveen, through counsel, styles her motion as presenting a claim of actual innocence on the basis of the United States Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012). (Am. § 2255 Pet. at 1.) The argument Brandveen advances is identical to her argument in support of her motion to withdraw her guilty plea. In *National Federation*, the Supreme Court held that "[t]he Affordable Care Act does not require that the penalty for failing to comply with the individual mandate be treated as a tax for purposes of the Anti-Injunction Act." *Id.* at 2584. The central issue before the court in *National Federation* was whether the Anti-Injunction Act (26 U.S.C. § 7421) barred litigation over the constitutionality of the

5

penalty provision for failure to comply with the individual insurance mandate of the Affordable Care Act prior to the penalty being actually assessed. *Id.* at 2582.

Typically, a tax assessment can only be challenged under the Anti-Injunction Act after it is paid and suit is filed seeking a refund. *Id.* Significantly, Chief Justice Roberts, writing for the court, concluded that "[t]he Affordable Care Act's requirement that certain individuals pay a financial penalty for not obtaining health insurance may reasonably be characterized as a tax." *Id.* at 2600. The relevance of the holding in *National Federation* is somewhat elusive in the context of a 26 U.S.C. § 7201 analysis.

This Court need not determine whether or not Brandveen has credibly asserted her actual innocence or whether a free-standing actual innocence claim, untethered to other constitutional claims, is cognizable in a § 2255 action.[3] Even if her claim of actual innocence were properly raised, it is without merit. Finding Brandveen's proposed amendment to be futile, this Court will deny her Motion for Leave to File Amendment/Supplement to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

For the foregoing reasons, the Court finds that Brandveen is not entitled to relief on any of her § 2255 claims. Her Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will therefore be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA

---

[3] Whether a freestanding claim of actual innocence is cognizable in a habeas action unaccompanied by assertion of an independent constitutional violation remains unsettled in the Fourth Circuit. *See Royal v. Taylor*, 188 F.3d 239, 243 (4th Cir. 1999).

6

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Brandveen has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date:_____
Richmond, VA

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Brandveen has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                       /s/
                                   Henry E. Hudson
                                   United States District Judge

Date: March 18, 2015
Richmond, VA